**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SERVICE TRADES COUNCIL,**

        **Plaintiff,**

-vs-                                          **Case No. 6:07-cv-908-Orl-31KRS**

**WALT DISNEY WORLD CO.,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 15) filed by the Plaintiff, Service Trades Council ("STC" or the "Union"), and the response (Doc. 22) filed by the Defendant, Walt Disney World Co. ("Worldco"). Because Worldco's response also sought judgment in its favor, it was separately docketed as an independent motion for summary judgment (Doc. 21), to which the Union has responded (Doc. 24).

**I.     Background**

Except where noted, the following information is undisputed. At all times relevant to this case, STC and Worldco were parties to a collective bargaining agreement. Rosanne Kabzinski ("Kabzinski") was employed by Worldco and was a member of the bargaining unit represented by STC. In February 2006, Kabzinski was injured in a fall at work. In June 2006, she filed a petition for workers' compensation benefits. Three months later, she settled the workers' compensation claim with Worldco. As part of the settlement, Kabzinski signed an agreement "not to seek reemployment or union referral with the employer/servicing agent in the future" and waived "any

claimed right to reinstatement or rehire by the employer/servicing agent." (Doc. 15-5 at 4). Worldco's attorneys signed the agreement on behalf of the company on November 8, 2006. (Doc. 15-5 at 5).

During this same time frame, the Union was involved in separate proceedings with Worldco involving Kabzinski. Worldco terminated Kabzinski on May 19, 2006. Pursuant to the terms of the collective bargaining agreement, on June 2, 2006, the Union filed a grievance challenging Kabzinski's termination and seeking reinstatement with full back pay. (Doc. 15-4 at 1). After being denied at the first three steps of the grievance procedure, Kabzinski's grievance was presented on November 28, 2006 to a "Joint Standing Committee," consisting of one Worldco representative and one Union Representative. (Doc. 1-3 at 19). At this step, Kabzinski prevailed, at least partially. Some time thereafter, the Joint Standing Committee issued the following decision:

1. Reinstate
2. May 4, 5 + 6 attendance points stand on record card.
3. Issue 2 point reprimand for poor judgement. [sic]
4. No back pay.
5. Settlement agreement.

(Doc. 1-4 at 7). The parties agree that the Joint Standing Committee had not been notified of Kabzinski's settlement of her workers' compensation claim at the time it resolved the grievance.

After the Joint Standing Committee issued its decision, Worldco drafted the settlement agreement, request for reinstatement form, and reprimands required to implement it. According to Worldco, Kabzinski was scheduled to return to work in February 2007. (Doc. 22 at 5). However, some time before this occurred, Worldco notified Kabzinski that it would not reinstate her, citing her waiver of her right to reinstatement as part of the workers' compensation settlement. (Doc. 22

at 5). The Union now seeks summary judgment enforcing the decision of the Joint Standing Committee and awarding Kabzinski back pay from the date she should have been reinstated.

**II.     Analysis**

Section 301(a) of the Labor Management Relations Act, 1947 (the "LMRA") provides jurisdiction in the federal district courts for suits for violation of a contract between an employer and a labor organization representing employees. 29 U.S.C. § 185(a). The well-established federal policy favoring the arbitration of labor disputes derives from Section 203(d) of the LMRA, 29 U.S.C. § 173(d), which provides that "[f]inal adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement." However, it is not arbitration *per se* that federal policy favors, but rather final adjustment of differences by a means selected by the parties. "If the parties agree that a procedure other than arbitration shall provide a conclusive resolution of their differences, federal labor policy encourages that procedure no less than arbitration. A determination made pursuant to that chosen procedure is no less enforceable in a federal court than is an arbitration award." *United Mine Workers v. Barnes & Tucker Co.*, 561 F.2d 1093, 1096 (3rd Cir. 1977).

**III.    Application**

Article 19 of the Collective Bargaining Agreement, titled "Grievance Procedure," provides in pertinent part that

> The Joint Standing Committee shall consist of one (1) representative of [Worldco] and one (1) representative of the affiliated Union(s).
>
> The Joint Standing Committee shall meet at least twice per month to investigate, review, and if necessary, conduct a hearing of all outstanding grievances referred to

> it. **Decisions of the Joint Standing Committee shall be final and binding upon all parties in interest.** The Joint Standing Committee shall provide a written determination of all cases reviewed within three (3) calendar days after it has met. If the Joint Standing Committee is unable to resolve a grievance before it, the grievance may be appealed to the next Step of the grievance procedure.

(Doc. 1-3 at 19) (emphasis added).

In the instant case, it is undisputed that the Joint Standing Committee, which included a Worldco representative, determined that Kabzinski should be reinstated. Worldco contends that Kabzinski waived her right to reinstatement. Although this appears to be true, in these unusual circumstances it is not relevant. Worldco did not notify the Joint Standing Committee of the waiver. Worldco had the same ability to waive enforcement of Kabzinski's waiver as Kabzinski had to make it in the first place.

Worldco contends that "at the time of the Joint Standing Committee meeting, no one in Worldco's Labor Relations department who was involved in processing the Union's grievance of Kabzinski's termination was aware that her claim had been settled, since workers' compensation claims are handled by another area of the Company." (Doc. 22 at 4). Worldco seems to be arguing that it cannot be held to have had constructive knowledge of Kabzinski's waiver during the grievance proceedings. However, Worldco offers no authority (or evidence) that information in one "area" of the company was unavailable to another "area" of the company despite the exercise of reasonable care. As such, Worldco has failed to show that the knowledge should not be imputed to its employees addressing the grievance.

This also forecloses Worldco's argument that Kabzinski is estopped from seeking relief inconsistent with her release. Generally speaking, equitable estoppel requires a false representation or concealment of material facts by someone with knowledge to a party without

actual or constructive knowledge of the those facts.  Obviously, the fact that Kabzinski had waived her right to reinstatement was material to the parties deciding whether she should be reinstated.  However, Worldco had (at least) constructive knowledge of Kabzinski's waiver well before the Joint Standing Committee made its determination.  Worldco's representative signed the agreement containing Kabzinski's waiver on November 8, three weeks before the Joint Standing Committee met to hear Kabzinski's grievance.  Moreover, it would be ludicrous to suggest that Kabzinski was able to conceal the existence of the waiver from Worldco, or mislead the company about it, given that Worldco was the other party to the waiver.

Worldco has failed to offer any legally sufficient reason why it is not bound by the decision of the Joint Standing Committee pursuant to Article 19 of the Collective Bargaining Agreement.  The Court concludes that the Union is entitled to judgment in its favor on that point.  However, in its motion the Union also seeks to have this Court order Worldco  to "pay Kabzinski back pay from the date of the decision until the date that it reinstates Kabzinski."  (Doc. 15 at 11).  As the record now stands, the Court cannot determine the precise date upon which Kabzinski should have been reinstated or the amount of pay she would have received.  In addition, Worldco argues that Kabzinski has failed at least in part to mitigate her damages.  (Doc. 22 at 5).

However, now that the waiver/estoppel issue has been resolved, Court finds the parties are likely to be able to resolve the damages issue between themselves.  To that end, the Court will enter partial summary judgment in favor of the Union and close the case, but will retain jurisdiction to address the damages issue if the parties are unable to settle it on their own.  Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Motion for Summary Judgment (Doc. 15) filed by the Plaintiff, Service Trades Council, is **GRANTED IN PART** and **DENIED**

**IN PART**.  The Court hereby **DECLARES** pursuant to 28 U.S.C. § 2201[1] that Worldco is bound by the decision of the Joint Standing Committee, despite Kabzinski's waiver of her right to reinstatement.  In all other respects, the motion is **DENIED**.  And it is further

**ORDERED** that the Motion for Summary Judgment (Doc. 21) filed by Defendant Walt Disney World Co. is **DENIED**.

The Clerk is **DIRECTED** to close this case, subject to the right of either party to move to reopen it within 60 days.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 11, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] The Union did not explicitly seek a declaratory judgment in its complaint.  However, even where declaratory relief is not requested, the courts may grant such relief where the pleading and proof show it to be appropriate.  *See, e.g.*, *Turner v. Liverpool Cent. School*, 186 F.Supp.2d 187, 190 n.5 (N.D.N.Y. 2002).